IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN FUJI SEAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1215 (MN) |
| | ) |
| BROOK + WHITTLE LTD., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 5th day of August 2025:

WHEREAS, on September 8, 2024, Brook + Whittle Ltd. sued Nestle USA, Inc. and Fuji Seal International, Inc. in the Eastern District of Texas for infringement of U.S. Patent No. 11,961,422 ("the '422 Patent");

WHEREAS, on November 4, 2024, American Fuji Seal, Inc. commenced this action by filing a complaint against Brook + Whittle Ltd. ("Defendant"), seeking declaratory judgment of noninfringement of the '422 Patent (D.I. 1);

WHEREAS, on December 10, 2024, Defendant filed a motion to dismiss, or in the alternative, to stay the case, based upon a first-filed action in the Eastern District for the District of Texas (D.I. 12, 13); and

WHEREAS, on January 7, 2025, Plaintiffs opposed that motion, arguing that jurisdiction in this Court is appropriate and that the case should not be stayed (D.I. 17, 20).

THEREFORE, IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss, or in the alternative, stay, (D.I. 12) is **DENIED-IN-PART** and **GRANTED-IN-PART**.

2. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F. 3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule avoids duplicative litigation over the same subject matter. *Crosley Corp. v. Hazeltine Corp.*, 122 F. 2d 925, 930 (3d Cir. 1941). In general, "[t]he first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co. v. Kelley Co.*, 51 F. 3d 1037, 1039 (Fed. Cir. 1995) (internal quotation marks and citation omitted).

3. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial*, 681 F.3d at 1299. District courts should "generally favor the forum[] of the first-filed case." *Nexon America Inc. v. Uniloc 2017 LLC*, 2020 WL 3035647, at *2 (D. Del. 2020). So a later-filed declaratory judgment action typically defers to a first-filed infringement action if the "lawsuits involve[e] the same claims [but] are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F. 3d 1283, 1299 (Fed. Cir. 2012) (citation modified); *see also E.E.O.C. v. Univ. of Pennsylvania*, 850 F. 2d 969, 971 (3d Cir. 1988).

4. The burden rests with the party seeking to establish that an exception to the first-to-file rule exists. *In re Nitro Fluids L.L.C.*, 978 F. 3d 1308, 1311 (Fed. Cir. 2020). Here, Defendant filed a complaint for patent infringement against Fuji Seal International, the sole parent holding company of Plaintiff, and Nestle USA, Inc., in the United States District Court for the Eastern District of Texas nearly two months before Plaintiff filed suit for declaratory judgment in this Court. (D.I. 13-1 at 21). Both actions relate to infringement of the '422 Patent. (D.I. 1 ¶ 1);

(D.I. 13-1 ¶ 1). And both parties note that the earlier filed action has a schedule, trial date, and other aspects of the litigation process already in place. (D.I. 13 at 17); (D.I. 17 at 7). Thus, Plaintiff establishes no exception, and the first-to-file rule counsels towards the first forum. *See G & G LLC v. White*, 535 F. Supp. 2d 452, 466 (D. Del. 2008).

5. Plaintiff raises the specter of jurisdictional challenges in the first-filed action as an additional basis for denying a stay. (D.I. 7-8). The Eastern District of Texas, however, is able to make those determinations of jurisdiction and venue. *Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012). And should it find those hooks lacking, it may order the action transferred to the venue it deems proper. 28 U.S.C. § 1404. Plaintiff's concern is thus unavailing. Defendant's motion is denied to the extent it seeks dismissal of this action under the first-to-file rule or for lack of subject matter jurisdiction, and the motion is granted to the extent it seeks a stay under the first-to-file rule. The parties may petition the Court to lift the stay pending final disposition of the action in the Eastern District of Texas.

_____
The Honorable Maryellen Noreika
United States District Judge